762 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL DISTILLERS PRODUCTS COMPANY, PLAINTIFF-APPELLEE,
v.
LOCAL NO. 24 OF THE DISTILLERY, RECTIFYING, WINE AND ALLIED
WORKERS INTERNATIONAL UNION, AFL-CIO-CLC,
DEFENDANT-APPELLANT.
 NO. 84-5508
 United States Court of Appeals, Sixth Circuit.
 4/23/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY
 BEFORE: KEITH and JONES, Circuit Judges; and DIGGS TAYLOR, District Judge.*
 Per Curiam.
 
 
 1
 Local No. 24 of the Distillery, Rectifying, Wine and Allied Workers International Union (Union) appeals from the district court's judgment, which on cross-motions for summary judgment refused to enforce an arbitrator's award. This appeal presents the narrow question of whether the arbitrator's award draws its essence from the collective bargaining agreement. Upon consideration we reverse.
 
 
 2
 After National Distillers Products Company (National) had outside contractors install guardrails along the side of a water tower the Union filed a grievance. Under Article XVI of the collective bargaining agreement National could not contract out any work that is normally performed by employees covered by the agreement except upon due consultation with the Union. The Union contended that National never consulted it about the guardrail installation prior to hiring outside contractors and that employees in National's Mechanical Maintenance and Repair Department (M.M.R.) normally performed that work.
 
 
 3
 When the dispute remained unresolved a grievance was submitted to arbitration under Article XXI of the agreement. According to the arbitrator, the issue was 'whether the Employer improperly contracted out installation of guardrails around the water tower at its Old Grand-Dad plant.' In probing that issue the arbitrator noted that Article I, Section 3 of the collective bargaining agreement states that work normally performed by the bargaining unit may not be performed by non-bargaining unit members. He also noted that Article XVI permits National to contract out work reserved to the bargaining unit provided that it first consults with the Union. The two crucial questions, therefore, were (1) whether the guardrail installation was normally performed by bargaining unit members; and (2) whether National consulted with the Union prior to hiring outside contractors. Because he found that the installation was normally performed by bargaining unit members and that National failed to consult the Union prior to contracting out the installation, the arbitrator held that National had violated the collective bargaining agreement.
 
 
 4
 As a remedy the arbitrator awarded the Union sixteen hours of pay at over-time rates for two senior M.M.R. employees. That award was given for two reasons. First, the Union's unrefuted evidence showed that the installation would have taken two men approximately sixteen hours to complete. Second, the evidence demonstrated that 'the bargaining unit members were fully employed at the time this work was performed [and, therefore,] the guardrail construction would have necessarily required them to work overtime.'
 
 
 5
 The arbitrator noted, however, that determining the appropriate remedy was difficult because 'the Union . . . [had not proven] with any certainty that it suffered any monetary loss as a result of [the] . . . violation.' The arbitrator further declared that the difficulty was enhanced because the Union had not proven that it could have installed the guardrails absent National's violation. 'Nonetheless,' the arbitrator continued, 'the duty to consult will not be interpreted to be a meaningless gesture which . . . [National] can follow or disregard with impunity.'
 
 
 6
 Dissatisfied only with the award, National filed a complaint in the district court. National contended that by awarding overtime to employees who were already fully employed the arbitrator awarded what amounted to punitive damages and that no basis existed for same in the collective bargaining agreement. Absent such a provision, National concluded, the arbitrator had no contractual, statutory, or common law authority to make such an award and sought to vacate it.
 
 
 7
 Both parties later moved for summary judgment. The magistrate recommended the grant of National's and the denial of the Union's motion for summary judgment and, thereby, refused to enforce the award.
 
 
 8
 The magistrate concluded that the arbitrator's award was punitive, in fact, because the record did not contain any evidence showing that National's violation of the collective bargaining agreement caused a monetary loss to the Union. Further, there being no provision in the agreement for punitive damages and absent proof of National's willful and wanton misconduct, the magistrate held that the arbitrator exceeded his authority. Finally, the magistrate ruled that the arbitrator's construction of the duty to consult was, in fact, an assumption unsupported by the record. Over the Union's objections, the district court adopted the magistrate's report. The Union now appeals.
 
 
 9
 An arbitrator's decision must be sustained 'so long as it draws its essence from the collective bargaining agreement.' United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960). As applied, that standard means that the award will be sustained unless the award 'disregard[s] or modif[ies] plain and unambiguous provisions' of the collective bargaining agreement or 'an examination of the record before the arbitrator reveals no support whatever for his determination[s]' of fact.' Storer Broadcasting Co. v. American Federation of Television & Radio Artists, Cleveland Local, 600 F.2d 45, 47 (6th Cir. 1979); see also Johnson Boiler Co. v. Local No. 893, Etc., No. 83-1717, slip op. at 6 (6th Cir. 1985).
 
 
 10
 National contends that the award must be vacated. In support, National essentially advances two reasons. First, the award is punitive, in fact. Second, the collective bargaining agreement does not provide for punitive damages. Hence, according to National, the arbitrator exceeded his authority.
 
 
 11
 We agree that the collective bargaining agreement does not provide for punitive damages. We disagree, however, that the award was punitive, in fact. The award remedies the Union's disregard of its duty to consult.
 
 
 12
 We also disagree with National's contention, which was vigorously pressed at oral argument, that the failure to consult did not result in damage to the Union because all the covered employees were fully employed at the time of the installation. Full employment of the covered employees would not necessarily have prevented them from installing the guardrails since that installation could have been performed on overtime.
 
 
 13
 We, therefore, conclude that the arbitrator's decision is supported by the record and REVERSE and reinstate the arbitrator's award.
 
 
 
 *
 Honorable Anna Diggs Taylor, United States District Judge for the Eastern District of Michigan, sitting be designation